**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**

FILED
RICHARD W. NAGEL
CLERK OF COURT

TROY D. SMITH,                                :     Case No. 2 : 2 2 2022 CV 1 6 8 5
11061 Borror Road                             :
Orient, Ohio 43146                            :     JUDGE Judge Morrison U.S. DISTRICT COURT
                                              :                SOUTHERN DIST. OHIO EAST. DIV. COLUMBUS
       Plaintiff,                           :
                                              :     MAGISTRATE MAGISTRATE JUDGE JOLSON
-vs-                                          :
                                              :
THE PRUDENTIAL INSURANCE                      :
COMPANY OF AMERICA                            :
P.O. Box 13480                                :
Philadelphia, PA 19101                        :
                                              :
       Defendant.                           :

## COMPLAINT

Plaintiff, Troy D. Smith, by and through William L. Archer, Jr., Attorney at Law, brings this action against the Defendant, Penske, Inc. , and as for his causes of action states: as follows:

### JURISDICTION

1. Plaintiff alleges that Plaintiff's claims "relate to" an "employee welfare benefit plan" as defined by the Employee Retirement Security Act (here referred to as ERISA), 29 U.S.C.A. Sections 1001 et seq., and that the subject Plan constitutes a "plan under ERISA." Therefore, Plaintiff alleges that this court's jurisdiction is invoked pursuant to 28 U.S.C.A. Section 1337 and 29 U.S.C.A. Section1132(e).

2. Venue is proper within this district pursuant to 29 U.S.C.A. Section 1132(e)(2) because the acts complained of have occurred within this district.

1

## PARTIES

3. Plaintiff, Troy D. Smith, is now, and at all times mentioned in this complaint was, a resident of Pickaway County, Ohio.

4. Plaintiff is informed and believes, on the basis of such information and belief alleges that Defendant, Prudential Insurance Company of America, is now, and at all times mentioned in this complaint was, a corporation authorized to transact and transacting the business of insurance in Ohio and was the Claims Administrator for the Penske Truck Leasing Company.

## FACTUAL BACKGROUND

5. Defendant paid benefits under the Penske Truck Leasing Company L.P., here referred to as the Plan, to Plaintiff from October 13, 2017 to October 12, 2019.

6. On October 13, 2019, Defendant terminated Plaintiff's benefits, as the Defendant believed the Plaintiff was not eligible for long-term disability benefits as "the medical information received did not support impairment that would prevent you from performing the material and substantial duties of any gainful occupation."

7. On January 29, 2020, Plaintiff appealed the termination by Defendant of Plaintiff's benefits under the Penske Trucking Company L.P. The basis of the Plaintiff's appeal was that the medical evidence established that he is not able to perform any gainful employment, and certainly no employment at his then wage and benefit structure.

8. On August 27, 2020, Defendant remanded Plaintiff's claim for further investigation.

9. On June 30, 2021, Defendant denied Plaintiff's appeal, closed the administrative record, and determined that all administrative remedies had been exhausted.

## FIRST CAUSE OF ACTION
## FOR RECOVERY OF PLAN BENEFITS, PURSUANT TO 29 U.S.C.A. SECTION
## 1132(a)(1)(b)

10. Plaintiff incorporates here those allegations of Jurisdiction, Parties, and Factual

Background sections as though set forth in full in this cause of action.

11. Under the terms of the Plan, Defendant agreed to provide Plaintiff with benefits for long

term disability due to sickness, pregnancy or accidental injury in which the Plaintiff is

receiving appropriate care and treatment from a doctor on a continuing basis and the

Plaintiff is unable to earn more than 60% of his indexed pre-disability earnings from any

employer in his local economy at any gainful occupation for which he is reasonably

qualified taking into account his training, education, experience and pre-disability

earnings. Defendant failed to provide such benefits.

12. Denial of benefits to Plaintiff constitutes a breach of the Plan between Defendant and

Plaintiff. Plaintiff seeks reimbursement and compensation for any and all benefits he

would have received as a result of Defendant's failure to provide coverage in an amount

at present unknown, but to be set forth at the time of trial.

13. Defendant has arbitrarily and capriciously breached the obligations set forth in the Plan.

Defendant has arbitrarily and capriciously breached its obligations under ERISA policy

to provide Plaintiff benefits even though Plaintiff's benefits are covered under the terms

of the Plan.

14. As a direct and proximate result of the above-described conduct of Defendant in failing to

provide coverage and pay benefits to Plaintiff, Plaintiff has been damaged in an amount

equal to the amount of benefits to which Plaintiff would have been entitled under the

terms of the Plan.

15. As a direct and proximate result of the above-described conduct of Defendant in failing to provide coverage and benefits under the Plan, Plaintiff has suffered, and will continue to suffer in the future, damages under the Plan, plus interest and other economic and consequential damages , for a total amount to be determined at the time of trial.

16. Plaintiff is entitled to benefits and prejudgment interest at the appropriate rate.

## SECOND CAUSE OF ACTION

## FOR AWARD OF ATTORNEY FEES AND COSTS, PURSUANT TO 29 U.S.C.A. SECTION 1132 (g)(1)

17. Plaintiff incorporates here those allegations of the Jurisdiction, Parties, and Factual Background sections, along with the First Cause of Action, as though set forth in full in this cause of action.

18. 29 U.S.C.A. Section 1132(g)(1) authorizes this Court to award reasonable attorneys fees and costs of action to either party in an ERISA action.

19. As  a result of the actions and failings of the Defendant, described above in this complaint, Plaintiff has retained the services of legal counsel and has necessarily incurred attorney fees and costs in prosecuting this action.  Further, Plaintiff anticipates incurring additional attorney fees and costs in subsequently pursuing this action, all in a final amount that is currently unknown.  Plaintiff, therefore, requests an award of reasonable attorney fees and costs.

## PRAYER  FOR RELIEF

WHEREFORE, Plaintiff requests judgment as follows:

1.  For a declaration regarding the Defendant's noncompliance with minimum requirements of ERISA and other federal and state laws in connection with the denial of benefits;

2. For benefits payable under the Plan to reimburse Plaintiff for payments that Plaintiff has been entitled to receive;

3. For future benefits payable under the Plan that Plaintiff is entitled to receive;

4. For an award of prejudgment interest;

5. For an award of reasonable attorney fees pursuant to 29 U.S.C.A. Section 1132(g)(1);

6. For costs of suit incurred; and,

7. For such other and further relief as the Court deems just and proper.

William L. Archer, Jr. (#0039860)
Attorney for Plaintiff Troy D. Smith
P.O. Box 482
Circleville, Ohio 43113-0482
(740) 412-6761
billarcher45@gmail.com